UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sandvik, Inc. and Thermo Fisher Scientific Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Hampshire Partners Fund VI, L.P. and 18-01 Pollitt Drive LLC, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Sandvik, Inc. ("Sandvik") and Thermo Fisher Scientific Inc. ("Thermo Fisher"), (Sandvik and Thermo Fisher collectively, the "Plaintiffs"), by and through their undersigned counsel, bring this action against Defendants Hampshire Partners Fund VI, L.P. ("Hampshire") and 18-01 Pollitt Drive LLC ("18-01 Pollitt") (Hampshire and 18-01 Pollitt collectively, the "Defendants"), and in support thereof aver as follows:

## PARTIES

1. Sandvik is a Delaware corporation with its principal place of business located at 1702 Nevins Road, Fair Lawn, New Jersey 07410.

2. Thermo Fisher is a Delaware corporation with its principal place of business located at 81 Wyman Street, Waltham, Massachusetts 02451.

3. Hampshire is a Delaware limited partnership with its principal place of business located at 83 South Street, Morristown, New Jersey 07960.

4. 18-01 Pollitt is a New Jersey limited liability company with its principal place of business located at 15 Maple Avenue, Morristown, New Jersey 07960.

## JURISDICTION AND VENUE

5. This is an action under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). The Court has jurisdiction over the subject matter of this action pursuant to the provisions of 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331 and 1367. In addition, this Court has pendant and ancillary jurisdiction over the claims arising under state statutory law.

6. Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 42 U.S.C. § 9613.

## FACTS

7. Upon information and belief, 18-01 Pollitt is the owner of the property located at 18-01 Pollitt Drive, Fair Lawn, New Jersey ("18-01 Pollitt Drive Property"). 18-01 Pollitt acquired title to the 18-01 Pollitt Drive Property on May 11, 2006.

8. Upon information and belief, Hampshire is an operator of the 18-01 Pollitt Drive Property.

9. Sandvik is the owner and operator of a property located at 1702 Nevins Road, Fair Lawn, New Jersey ("Sandvik Property").

10. Thermo Fisher is the owner and operator of a property located at 1901 Nevins Road, Fair Lawn, New Jersey ("Thermo Fisher Property").

**A.   Plaintiffs Response Actions**

11. In or about 1978, the Borough of Fair Lawn, New Jersey (the "Borough") discovered the presence of volatile organic compounds ("VOCs") in two non-potable industrial wells in the Borough. Subsequent sampling in potable production wells within the Westmoreland Well Field in the Borough revealed the presence of VOCs, including, but not

limited to, trichloroethylene ("TCE"), tetrachloroethylene ("PCE") and 1,2-dichloroehthylene ("1,2-DCE").

12.   On September 8, 1983, pursuant to 42 U.S.C. § 9605, the United States Environmental Protection Agency ("EPA") listed the Fair Lawn Well Field Superfund Site, located in Fair Lawn, Bergen County, New Jersey ("Fair Lawn Site"), on the National Priorities List.

13.   As defined by EPA, the Fair Lawn Site comprises the Westmoreland Well Field and the areal extent of contamination.

14.   On March 25, 2008, Plaintiffs entered into an Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study ("Consent Order") **(attached hereto as Exhibit A)** with EPA.

15.   The Consent Order requires that Plaintiffs conduct a Remedial Investigation and Feasibility Study ("RI/FS") at the Fair Lawn Site.

16.   Defendants are not parties to the Consent Order.

17.   The Consent Order requires, among other things, that Plaintiffs:

    a.   determine the nature and extent of contamination and any threat to the public health, welfare, or the environment caused by the release or threatened release of hazardous substances, pollutants or contaminants at or from the Fair Lawn Site, by conducting a Remedial Investigation as set forth in the Statement of Work attached as Appendix A to the Consent Order ("SOW");

    b.   identify and evaluate remedial alternatives to prevent, mitigate or otherwise respond to or remedy any release or threatened release of

       hazardous substances, pollutants or contaminants at or from the Fair Lawn Site, by conducting a Feasibility Study as set forth in the SOW;

    c.    reimburse EPA for costs incurred and to be incurred by EPA with respect to the Consent Order, including Interim Response Costs and Future Response Costs (as those terms are defined in the Consent Order); and

    d.    reimburse EPA for Past Response Costs and Future Response Costs (as those terms are defined in the Consent Order) incurred by EPA relating to the Fair Lawn Site.

18.    Pursuant to the requirements in the Consent Order to conduct an RI/FS, Plaintiffs have incurred response costs in investigating the presence of VOCs that have been detected in the soil and groundwater at the Fair Lawn Site, including PCE, TCE, and 1,2-DCE.

19.    The Consent Order constitutes an administrative settlement for purposes of CERCLA Section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), pursuant to which Plaintiffs have resolved their liability to the United States for the Work, Past Response Costs, and Future Response Costs as those terms are defined in the Consent Order.

20.    The Consent Order was not issued as a unilateral administrative order.

21.    In 2006, Sandvik closed manufacturing operations at the Sandvik Property.

22.    The closure of manufacturing operations at the Sandvik Property triggered the requirements of the New Jersey Industrial Site Recovery Act ("ISRA").

23.    Pursuant to the requirements of ISRA, Sandvik was required to investigate the source of chlorinated hydrocarbons, including PCE, TCE and 1,2-DCE, in the groundwater beneath the Sandvik Property.

24. Sandvik's investigation of the source of chlorinated hydrocarbons beneath its property revealed that PCE, TCE and 1,2-DCE were migrating in the groundwater from the 18-01 Pollitt Drive Property.

25. Sandvik has also been required by the New Jersey Department of Environmental Protection ("NJDEP") to treat groundwater prior to discharge that infiltrates its building to remove PCE, TCE and 1,2-DCE in that groundwater which has migrated from the 18-01 Pollitt Drive Property.

26. Sandvik has also been required by NJDEP to mitigate PCE vapors that have infiltrated its buildings from the groundwater migrating from the 18-01 Pollitt Drive Property.

**B.  Releases From the 18-01 Pollitt Drive Property**

27. The 18-01 Pollitt Drive Property is located within the Fair Lawn Site.

28. On information and belief, Defendants discovered the presence of PCE, TCE and 1,2-DCE in the soil at the 18-01 Pollitt Drive Property in or around 2008.

29. The investigation activities at the 18-01 Pollitt Drive Property included installation of piezometers in the interior of, and around the exterior of, the on-site building.

30. On August 15, 2008, Plaintiffs obtained the sampling results from the investigation activities of the 18-01 Pollitt Drive Property. Those sampling results revealed the presence of massive quantities of PCE, TCE and 1,2-DCE in the soil and groundwater at the 18-01 Pollitt Drive Property.

31. PCE, TCE and 1,2-DCE have been detected in the groundwater within the Fair Lawn Site.

32. PCE, TCE and 1,2-DCE have been detected in groundwater under other properties, including but not limited to, in industrial and potable wells, within the Fair Lawn Site.

5

33.     Groundwater containing one or more of the hazardous substances released into the soils at the 18-01 Pollitt Drive Property, including but not limited to PCE, TCE and/or 1,2-DCE, has migrated in the groundwater from beneath the 18-01 Pollitt Drive Property to areas beyond the 18-01 Pollitt Drive Property, including into groundwater beneath the Sandvik Property, the Thermo Fisher Property, and other properties, including but not limited to, industrial and potable wells, within the Fair Lawn Site.

34.     Plaintiffs have collectively incurred to date at least $3,700,000 in response costs in undertaking response actions pursuant to the Consent Order, including response costs relating to hazardous substances emanating from the 18-01 Pollitt Drive Property.  Plaintiffs will incur substantial additional costs in the future for response actions required under the Consent Order and any remedial action that will be required for the Fair Lawn Site.

35.     To date Sandvik has incurred at least $1,420,815 in response costs investigating and responding to the PCE, TCE and 1,2-DCE in the groundwater migrating from the 18-01 Pollitt Drive Property.  Sandvik will incur additional costs in the future for response actions arising from the presence of PCE, TCE and 1,2-DCE beneath the Sandvik Property that has migrated from the 18-01 Pollitt Drive Property

36.     The response costs Plaintiffs have incurred or will incur with respect to any response relating to any remedial action will exceed the amount, if any, that should be equitably allocated against Plaintiffs for response actions for the groundwater contamination under the Sandvik Property and Thermo Fisher Property, and other properties, including but not limited to industrial and potable wells, within the Fair Lawn Site.

ME1 16048163v.1

## COUNT I
## CERCLA COST RECOVERY

37.     Plaintiffs hereby incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

38.     There have been "releases" of one or more "hazardous substances," as those terms are defined by 42 U.S.C. §§ 9601(22) and 9601(14), from the 18-01 Pollitt Drive Property.

39.     The 18-01 Pollitt Drive Property is a "facility" within the meaning of 42 U.S.C. § 9601(9).

40.     Defendant 18-01 Pollitt is the current owner of the 18-01 Pollitt Drive Property under 42 U.S.C. § 9607(a)(1).

41.     Defendant Hampshire is a current operator of the 18-01 Pollitt Drive Property under 42 U.S.C. § 9607(a)(1).

42.     Plaintiffs have incurred necessary response costs consistent with the National Contingency Plan as a result of releases of hazardous substances at the 18-01 Pollitt Drive Property.

43.     Defendants are responsible parties under 42 U.S.C. § 9607(a)(1) and are jointly and severally liable for response costs that have been incurred and will be incurred by Plaintiffs under 42 U.S.C. § 9607(a)(4)(B).

44.     As responsible parties under 42 U.S.C. § 9607(a)(1), Defendants are also liable for pre-judgment interest on the response costs incurred by Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants on Count I, and award Plaintiffs their costs, attorneys' fees, interest and such other relief as the Court deems just and proper.

## COUNT II
## CERCLA CONTRIBUTION

45.     Plaintiffs hereby incorporate by reference paragraphs 1 through 44 as if fully set forth herein.

46.     There have been "releases" of one or more "hazardous substances," as those terms are defined by 42 U.S.C. §§ 9601(22) and 9601(14), from the 18-01 Pollitt Drive Property.

47.     The 18-01 Pollitt Drive Property is a "facility" within the meaning of 42 U.S.C. § 9601(9).

48.     Defendant 18-01 Pollitt is the current owner of the 18-01 Pollitt Drive Property under 42 U.S.C. § 9607(a)(1).

49.     Defendant Hampshire is the current operator of the 18-01 Pollitt Drive Property under 42 U.S.C. § 9607(a)(1).

50.     Plaintiffs have incurred necessary response costs consistent with the National Contingency Plan as a result of releases of hazardous substances at the 18-01 Pollitt Drive Property.

51.     Plaintiffs have resolved their liability to the United States for some or all of a response action in an administratively approved settlement, and Defendants are not a party to the settlement.

52.     Pursuant to 42 U.S.C. §§ 9613(f)(1) and (f)(3)(B), Defendants are liable to the Plaintiffs for all or a portion of the response costs that have been incurred or will be incurred by the Plaintiffs.

53.     As responsible parties under 42 U.S.C. § 9607(a)(1), Defendants are also liable for pre-judgment interest on the response costs incurred by Plaintiffs recovered under 42 U.S.C §§ 9613(f)(1) and (f)(3)(B).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants on Count II, and award Plaintiffs their costs, attorneys' fees, interest and such other relief as the Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF UNDER CERCLA

54. Plaintiffs hereby incorporate by reference paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. There is a present and actual controversy between Plaintiffs and Defendants concerning their respective rights and obligations with respect to the response costs associated with the Fair Lawn Site.

56. Section 113(g)(2) of CERCLA, 42 U.S.A. § 9613(g)(2), provides in relevant part, that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all reasons action. Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

57. Plaintiffs seek a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response costs.

58. Plaintiffs are further entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Plaintiffs' rights against Defendants.

ME1 16048163v.1

59.     Plaintiffs are entitled to judgment against Defendants for past and further response costs incurred in connection with the Fair Lawn Site.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a declaratory judgment against Defendants finding that they are each liable under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Section 28 U.S.C. §§ 2201 and 2202, and are obligated to pay for their equitable shares of all past and future response costs, plus interest, associated with the Fair Lawn Site. Plaintiffs further request that this Court award interest and costs of suit, including reasonable attorneys' fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and proper under the circumstances.

**COUNT IV**
**COST RECOVERY UNDER THE NEW JERSEY SPILL COMPENSATION AND CONTROL ACT**

60.     Plaintiffs hereby incorporate by reference paragraphs 1 through 59 as if fully set forth herein.

61.     Under the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11g.c(1), "any person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred."

62.     Pursuant to the Spill Act, N.J.S.A. 58:10-23.11g.c(1), each of the Defendants is a "person who has discharged a hazardous substance" at the 18-01 Pollitt Drive Property which has migrated to the Sandvik Property and Thermo Fisher Property, and other properties, including but not limited to, industrial and potable wells, within the Fair Lawn Site, and/or "is in any way responsible for a hazardous substance" at the Sandvik Property and the Thermo Fisher

ME1 16048163v.1

Property, and other properties, including but not limited to, industrial and potable wells, within the Fair Lawn Site.

63. Under the Spill Act, N.J.S.A. 58:10-23.11g.c(3), "any person who owns real property acquired on or after September 14, 1993 on which there has been a discharge prior to the person's acquisition of that property and who knew or should have known that a hazardous substance had been discharged at the real property, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred."

64. Defendant 18-01 Pollitt acquired title to the 18-01 Pollitt Drive Property on May 11, 2006 and knew or should have known that a hazardous substance had been discharged at the 18-01 Pollitt Drive Property.

65. Plaintiffs have incurred and will continue to incur "cleanup and removal costs" within the meaning of the Spill Act, N.J.S.A. 58:10-23.11b, in connection with implementing the RI/FS, and in otherwise addressing environmental contamination at the Sandvik Property, the Thermo Fisher Property, and other properties, including but not limited to industrial and potable wells, within the Fair Lawn Site.

66. Plaintiffs are entitled to recover cleanup and removal costs that Plaintiffs have incurred and will incur in the future in implementing the RI/FS, and in otherwise addressing environmental contamination at the Sandvik Property, the Thermo Fisher Property, and other properties, including but not limited to industrial and potable wells, within the Fair Lawn Site.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants on Count IV, and award Plaintiffs their costs, attorneys' fees, interest and such other relief as the Court deems just and proper.

ME1 16048163v.1

## COUNT V
## CONTRIBUTION UNDER THE NEW JERSEY SPILL COMPENSATION AND CONTROL ACT

67.     Plaintiffs hereby incorporate by reference paragraphs 1 through 60 as if fully set forth herein.

68.     Under the Spill Act, N.J.S.A. 58:10-23.11f.a(2)(a), "[w]henever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance or other persons who are liable for the cost of the cleanup and removal of that discharge of a hazardous substance."

69.     Pursuant to the Spill Act, N.J.S.A. 58:10-23.11g.c(1), each of the Defendants is a "person who has discharged a hazardous substance" at the 18-01 Pollitt Drive Property which has migrated to the Sandvik Property, the Thermo Fisher Property, and other properties, including but not limited to, industrial and potable wells, within the Fair Lawn Site, and/or "is in any way responsible for a hazardous substance" at the Sandvik Property, the Thermo Fisher Property, and other properties, including but not limited to, industrial and potable wells, within the Fair Lawn Site.

70.     Plaintiffs are entitled to contribution from each Defendant to recover a proportionate share of cleanup and removal costs Plaintiffs have incurred and will incur in the future in implementing the RI/FS, and in otherwise addressing environmental contamination at the Sandvik Property, the Thermo Fisher Property, and other properties, including but not limited to industrial and potable wells, within the Fair Lawn Site.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants on Count V, and award Plaintiffs their costs, attorneys' fees, interest and such other relief as the Court deems just and proper.

12

ME1 16048163v.1

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants for the following:

(i) judgment for the past, present and future response costs and costs of resolving their liability to the United States that the Plaintiffs have incurred or will incur exceeding the equitable amount for which the Plaintiffs are found liable;

(ii) a declaratory judgment against Defendants finding that they are each liable under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Section 28 U.S.C. §§ 2201 and 2202;

(iii) prejudgment interest under CERCLA and the Spill Act and as otherwise allowable by law; and

(iv) such other relief this Court deems just and appropriate.

Dated: August 2, 2013                                   Respectfully submitted,


By: /s/ Danielle M. Karcich
    Danielle M. Karcich, Esq.
    McCARTER & ENGLISH, LLP
    Attorneys for Sandvik, Inc.
    BNY Mellon Center, Suite 700
    1735 Market Street
    Philadelphia, PA  19103
    (215) 979-3800

By: /s/ Colleen Grace Donofrio
    Colleen Grace Donofrio, Esq.
    BABST CALLAND CLEMENTS &
    ZOMNIR, P.C.
    Attorneys for Thermo Fisher Scientific Inc.
    380-A Tylers Mill Road
    Sewell, NJ 08080
    (856) 256-2048

ME1 16048163v.1